UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRAIDA LOPEZ                                    :
                                                :
v.                                              :        C.A. No. 05-483ML
                                                :
JO ANNE BARNHART,                               :
Commissioner of Social Security                 :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on the request of Plaintiff Iraida Lopez ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits under Titles II and XVI of the Social Security Act ("the Act"). On May 19, 2006, Defendant Jo Anne B. Barnhart ("Defendant") filed an Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the case for further proceedings. (Document No. 6).

This matter has been referred for preliminary review, findings and recommended disposition. (Document No. 3); see 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). For the reasons explained herein, I recommend that Defendant's Assented to Motion be GRANTED and the matter remanded to the Commissioner for further administrative proceedings.

### Facts and Travel

Plaintiff is a twenty-three year old woman. (Tr. 27). Plaintiff alleges disability as a result of vomiting blood, rectal bleeding, nosebleeds, depression, stomach pain and asthma. (Tr. 20).

On or about January 23, 2002, Plaintiff filed applications for SSI and SSDI, which were denied initially and on reconsideration. (Pl.'s Mem. in Supp. of Motion to Reverse at p. 1). Plaintiff then filed a timely request for a hearing before an administrative law judge ("ALJ"), which was held on December 4, 2003 in Providence, Rhode Island. (Pl.'s Mem. in Supp. at p. 2; Tr. 20). Plaintiff, represented by counsel, was present for the hearing. On May 26, 2004, the ALJ issued an unfavorable decision, which Plaintiff appealed to the Appeals Council. On September 16, 2004, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint in this Court on November 18, 2005. On May 19, 2006, Defendant's Motion for Remand Under Sentence Four of 42 U.S.C. § 405(g) was filed.

## Discussion

According to sentence four of Section 405(g), 42 U.S.C., "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Following further consideration by the Appeals Council, Defendant seeks remand because the ALJ did not adequately consider certain medical source opinions, including medical opinions that Plaintiff could not sustain competitive employment on a full-time, ongoing basis, that Plaintiff was markedly limited in social functioning and that Plaintiff had moderately severe mental impairments. See Mem. of Law in Supp. of Def.'s Motion for Entry of Judgment at pp. 1-2. Defendant requests that her final decision be reversed and that the case be remanded for additional administrative development, including further consideration of these opinions, explanation of the weight accorded such opinions, reassessment of Plaintiff's RFC and

additional vocational expert testimony.   After reviewing the ALJ's decision (Tr. 20-28) and Plaintiff's Motion to Reverse and Remand (Document No. 5), this Court agrees that remand is warranted and so recommends.

### Conclusion

For the foregoing reasons, I recommend that the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four (Document No. 6) be GRANTED.  I further recommend that the District Court enter Final Judgment for Plaintiff reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the matter for further administrative proceedings as described above.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and of the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


_____
LINCOLN D. ALMOND
United States Magistrate Judge
May 31, 2006